[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
On May 24, 2002, the plaintiffs, Jolanta Matwiejczuk (Jolanta) and Janusz Matwiejczuk (Janusz) (collectively the plaintiffs), filed an eight-count complaint against the defendants, Monique Schatten (Monique) and Richard Schatten (Richard) (collectively the defendants), seeking damages for injuries and losses allegedly sustained by the plaintiffs as a result of a motor vehicle collision. Counts one (negligence), two (recklessness), three (negligence) and four (recklessness) are brought against Monique. Counts five (negligence), six (recklessness), seven (negligence) and eight (recklessness) are brought against Richard. The plaintiffs allege that Monique ran a red light at an intersection causing them substantial injuries and losses when their cars collided. At the time of the collision, Jolanta was a passenger in a motor vehicle owned and operated by her husband, Janusz. Monique was the operator of a motor vehicle owned by her husband, Richard.
On August 5, 2002, the defendants filed a motion to strike counts two, four, six and eight of the plaintiffs' complaint and the prayer for relief seeking double or treble damages pursuant to General Statutes § 14-295, accompanied by a memorandum of law in support. On September 3, 2002, the plaintiffs filed a memorandum of law in opposition. CT Page 1635-c
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.)Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "The court must construe the facts in the complaint most favorably to the plaintiff . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citation omitted; internal quotation marks omitted.) Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
The defendants move to strike counts two and four, recklessness claims against Monique, and counts six and eight, recklessness claims against Richard, on the ground that the plaintiffs fail to allege facts sufficient to support causes of action sounding in recklessness. In support of their motion, the defendants argue that these counts are repeated allegations of the negligence claims alleged in counts one and three against Monique and in counts five and seven against Richard and are insufficient to differentiate the negligence counts from the recklessness counts. They maintain that the plaintiffs used the terms "negligence" and "recklessness" interchangeably to describe Monique's conduct but failed to plead new facts to support the negligence claims from the recklessness claims. They further argue that the mere allegation of a statutory violation of General Statutes § 14-240a and §14-218a without any facts to support the claims is also insufficient because it does not apprise the defendants of their alleged conduct. In opposition, the plaintiffs argue that they have properly pleaded facts that support claims of reckless conduct and that they are entitled to plead in the alternative, as there is a substantial difference between negligent conduct and reckless disregard for others.
General Statutes § 14-295 provides, in pertinent part: "In any civil action to recover damages resulting from personal injury . . . the CT Page 1635-d trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with recklessdisregard operated a motor vehicle in violation of sections 14-218a,14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." (Emphasis added.)
"The appellate courts have not had occasion to decide what degree of specificity is required in pleading recklessness under General Statutes § 14-295. The Superior Court judges are split on the issue. One line of cases, representing the minority view, holds that a plaintiff must plead the specific facts constituting recklessness, above and beyond the facts constituting mere negligence . . . In these cases, the court generally reasons that a plaintiff who is alleging recklessness must use explicit language that informs both the court and the defendant what conduct is relied upon." (Citation omitted: internal quotation marks omitted.) Colon v. Southern New England Telephone Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 01 0385673 (May 21, 2002, Gallagher, J.), and cases cited therein.
"The majority point of view, on the other hand, is that a plaintiff, in addition to pleading facts constituting negligence, need only make the general allegations mentioned in § 14-295: that the defendant hasdeliberately or with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiff's injuries . . . The majority view is based both on an analysis of the legislative history as well as a review of the statutory language of § 14-295 itself. These cases conclude that as long as the general requirements of the statute are met, such pleading is enough to survive a motion to strike and to state a cause of action under § 14-295." (Citation omitted; emphasis added; internal quotation marks omitted.)Id.
As to counts two and four, which allege recklessness against Monique, the plaintiffs allege, inter alia, that "[t]he collision wassubstantially caused by the defendant operator's deliberate and/orreckless disregard for the life and safety of others in violation of [General Statutes] § 14-240a . . ." (Emphasis added.) (Complaint, Second and Fourth Counts, ¶¶ 10.) Moreover, the plaintiffs allege that Monique "[o]perated said vehicle at a rate of speed without regard for the traffic, weather, width and use of the highway and the intersection of the streets and in violation of [General Statutes] §14-218a, with disregard that such speed would endanger the life and limb of persons traveling lawfully upon the highway . . ." (Complaint, Second CT Page 1635-e and Fourth Counts, ¶¶ 10(b).) They further allege that Monique "[t]ook her eyes off of the highway"; (Complaint, Second and Fourth Counts, ¶¶ 10(c)) and "[s]he willfully and purposefully caused her car to enter and travel into the intersection . . . when she knew the traffic control signal . . . was red." (Complaint, Second and Fourth Counts, ¶¶ 10(d).)
While the second and fourth counts do not specifically reference §14-295, the language therein invokes that statute. Specifically, the plaintiffs have alleged that Monique violated § 14-240a and §14-218a, two of the enumerated statutes in § 14-295, in that she operated the motor vehicle with deliberate and reckless disregard for the safety of others. The plaintiffs have also alleged that such violations were a substantial factor in causing the plaintiffs' injuries.
As to counts six and eight, the plaintiffs allege that Richard, as the owner of the motor vehicle operated by Monique, is liable for Monique's reckless conduct pursuant to General Statutes § 14-154a. Section 14-154a sets forth the liability of an owner of a motor vehicle for damage caused by the operation of the motor vehicle while rented or leased. The facts alleged do not support that Richard rented or leased the motor vehicle to Monique, but rather, they raise the statutory presumption of Richard's vicarious liability under the family car doctrine, General Statutes § 52-182. Specifically, the plaintiffs allege that Richard is liable because Monique operated the motor vehicle as a "family car" and did so "within the scope of [Richard's] general authority and permission." (Complaint, Sixth and Eighth Counts, ¶¶ 8.)
Section 52-182 provides, in relevant part: "Proof that the operator of a motor vehicle . . . was the husband, wife, father, mother, son or daughter of the owner shall raise a presumption that such motor vehicle . . . was being operated as a family car . . . within the scope of a general authority from the owner, and shall impose upon the defendant the burden of rebutting such presumption." "The purpose and effect (if the enactment of § 52-182 was not to affect or create substantive rights; its purpose was merely to govern procedure . . . It was enacted as an implementation to aid a plaintiff in his proof, where the operator and owner are of a certain designated relationship." (Citations omitted; internal quotation marks omitted.) Hunt v. Richter, 163 Conn. 84, 89-90,302 A.2d 117 (1972). CT Page 1635-f
"Again, there is a division of opinion amongst the judges of the Superior Court as to whether a plaintiff may recover multiple damages from a defendant owner who is alleged to be vicariously liable for the operator's reckless conduct pursuant to § 14-295. The first line of cases, representing the minority view, holds that §§ 14-295 [and] 52-182
. . . do not contain language allowing for an expansion of the common law restraint on the imposition of multiple damages upon a non-operator owner for the reckless conduct of the defendant operator . . . The majority view, on the other hand, holds that multiple damages under § 14-295
may be assessed against the non-operator owner as a result of the defendant operator's violation of one or more of the motor vehicle statutes." (Citations omitted.) Coman v. Mannix, Superior Court, judicial district of Windham at Putnam, Docket No. CV 065645 (April 11, 2002, Foley, J.) (31 Conn.L.Rptr. 680, 681-82), and cases cited therein.
Here, the allegations raised by the plaintiffs in counts six and eight against Richard, the husband and non-operator owner, are analogous to those raised in Coman v. Mannix, supra, 31 Conn.L.Rptr. 680. In Coman v.Mannix, the court adopted the minority view and held that "§ 52-182
. . . [does] not provide a basis for awarding multiple damages under § 14-295 against the non-operator owner of a vehicle for statutory traffic violations committed by the defendant operator." Coman v.Mannix, supra, 682. "[S]tatutes in derogation of common law should receive a strict construction and [should not] be extended, modified, repealed or enlarged in scope by the mechanics of construction." Id., quoting Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 581,657 A.2d 212 (1995).
The clear and unambiguous language of § 52-182 is void of language that provides a basis for awarding multiple damages under § 14-295
against a non-operator owner of a vehicle for statutory traffic violations committed by another. Additionally, if the legislature had intended to impose punitive or exemplary damages upon non-operator owners, it would not have limited liability, pursuant to § 14-295 to the "party [that] has deliberately or with reckless disregard operated a motor vehicle in violation of . . ." one or more of the enumerated statutes. (Emphasis added.) General Statutes § 14-295. The defendants' motion to strike counts six and eight, as well as the corresponding prayer for relief, are granted.
The motion to strike counts two and four and the corresponding prayer for relief are denied. CT Page 1635-g
BY THE COURT
Kocay, J. CT Page 1636